IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01966-RPM

AUTUMN N. THOMPSON,

                        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.

_____

ORDER AFFIRMING DECISION
_____

Autumn N. Thompson, born on October 4, 1981, filed applications for Disability Insurance Benefits and Supplement Security Income Payments under the Social Security Act claiming disability beginning on January 1, 2005, due to bipolar disorder, depression, attention deficit disorder (ADD), attention deficient hyperactivity disorder (ADHD) and anxiety. After a hearing held on March 14, 2007, before an Administrative Law Judge (ALJ), at which the claimant appeared without representation, the ALJ issued a denial decision on March 26, 2007.

The ALJ determined that Ms. Thompson had the residual functional capacity to perform the requirements of unskilled occupations of housekeeper or maid and assembler (box bender) as they are described in the Dictionary of Occupational Titles and therefore denial was appropriate at Step 5 of the sequential evaluation

process. That determination was consistent with the testimony of a vocational expert in response to the ALJ's hypothetical questions.

Those questions did not include the non-exertional limitations included in the claimant's testimony with respect to her mental and emotional reactions to work that she had performed and her daily activities. The plaintiff in this request for judicial review under 42 U.S.C. § 405(g) contends that the ALJ's credibility determination of the testimony is not supported by substantial evidence and is inconsistent with Ms. Thompson's history and psychological evaluations of her.

The plaintiff left school in the tenth grade and has never completed her GED, primarily because of difficulty with mathematics skills. She had special education support because of difficulties with concentration and panic. Ms. Thompson has a significant history of drug and alcohol addiction. Since the alleged disability onset date she has engaged in significant work activity as a cashier and receptionist which the ALJ found as evidence of significant mental capacity although not considered to be substantial gainful activity because of insufficient earnings to meet the regulatory definition.

The ALJ carefully considered the reports of a consultative psychological evaluation done in February, 2006, by a psychiatrist, Dr. David Diffee, M.D. (R. 182-185). The ALJ also gave careful consideration to the report of psychological testing and evaluation done by a clinical psychologist, Dr. Charles M. Renne, PhD, on November 14, 2006. These reports show global assessment functioning (GAF) scores of 52 and 61, respectively.

There are no exertional limitations in this case. To the contrary, the plaintiff is regularly engaged in a strict exercise and body building program under the supervision of a trainer.

If the plaintiff's testimony concerning her experience with anxiety and panic attacks is accepted at face value, she is disabled. The question for this court is whether the ALJ's credibility determination is supported by substantial evidence and has been adequately explained. The answer is yes. Accordingly, it is

ORDERED that the denial decision is affirmed.

DATED: February 25th, 2009

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge